

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

May 28, 2019

**Via ECF**
The Honorable Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **Pereda, et al. v. Serf Two, Inc., et al.**
   **18-CV-8647 (SN)**

Dear Judge Netburn:

We represent the Plaintiffs in the above-referenced matter and we submit this letter motion, with the consent of Defendants, seeking approval of the Settlement Agreement (attached hereto as Exhibit 1) ("the Agreement") as fair and reasonable. As directed in Your Honor's April 19, 2019 Order, we analyze the factors articulated in *Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-336* as a basis for the Agreement's approval.

**The Settlement Agreement**

The parties have agreed to settle this matter for $100,000.00. Plaintiff Ruperto Pereda ("Pereda") will receive $36,136.00 and Plaintiff Celso Hilario Guzman ("Guzman") will receive $30,000.00. These allocations are based on Plaintiffs' counsel's calculation of damages for each individual. As further discussed below, Plaintiffs' counsel respectfully requests $33,067.66 in attorneys' fees and respectfully requests reimbursement for $797.00 in expenses.

**The *Wolinsky* Factors**

**1. The Plaintiffs' range of possible recovery:**

Plaintiffs are two former employees of Defendants who alleged that they did not receive proper overtime rates when Plaintiffs worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs alleged that they were paid a flat daily rate that did not account for proper overtime wages when Plaintiffs worked in excess of forty (40) hours per week. Lastly, Plaintiffs alleged that they were entitled to statutory penalties for failure to

provide wage notices and weekly wage statements in violation of the NYLL. Plaintiffs' calculation of damages for all of the above claims, including liquidated damages, was approximately $239,000.00.

In light of the above, Plaintiffs' range of possible recovery was $0.00 to $239,000.00, should Plaintiffs have been 100% successful on all of their claims. The parties reached an agreement to settle this matter for $100,000.00 – an amount that falls squarely in the range of possible recovery for Plaintiffs and an amount that is reasonable in light of the records maintained by Defendants and their potential defenses—in particular Defendants' assertions that the pay rates varied, that Plaintiffs were in fact paid on an hourly and not salaried basis, and that Plaintiffs worked significantly less hours than they claimed.

**2. The extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses":**

Although the parties had conducted some informal paper discovery prior to reaching a settlement, the parties still had outstanding a significant amount of outstanding discovery. Settlement will allow the parties to avoid the anticipated expenses of formal paper discovery, including the exchange of interrogatories and document demands. Settlement will also allow the parties to avoid the costs associated with conducting at least five party depositions as well as an unknown number of non-party depositions. Following discovery, the parties also faced significant expenses in preparing for and conducting a trial that may have lasted over one week.

Each Plaintiff would have needed to take multiple days off from his current job and Plaintiffs would have incurred significant expenses preparing exhibits for trial and hiring court-licensed translators for each Plaintiff. As a result, Settlement will enable both parties to avoid significant burdens and expenses rather than continuing to litigate this matter.

**3. The seriousness of litigation risks faced by the parties:**

Both parties faced significant risks had they proceeded to trial in this matter.

Although Plaintiffs were confident that they could succeed on all their claims, Plaintiffs recognized the possibility of losing at trial and not recovering anything from Defendants. The seriousness of this risk favored the settlement for Plaintiffs. Defendants also faced the risk of losing at trial and not only having to pay any potential unpaid wages to Plaintiffs but also Plaintiffs' counsel's reasonable attorneys fees should they have succeeded at trial.

**4. Whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel":**

The parties engaged in extensive back-and-forth settlement talks for approximately four months prior to reaching a settlement. The parties began their settlement discussions in January 2018, prior to a Settlement Conference before Your Honor on February 14, 2019. Although a settlement was not reached at the conference, the parties continued to negotiate in good faith, culminating with an agreement in principle in April 2019. The parties exchanged numerous offers and counteroffers over the last three months in a concerted effort to resolve this matter with a fair and reasonable settlement.

Plaintiffs are represented by counsel who specialize in FLSA and NYLL matters and have settled hundreds of wage-and-hour cases in both New York state and federal courts. Defendants are also represented by counsel who specialize in FLSA and NYLL matters.

The Agreement was the product of months-long arm's-length bargaining between experienced counsel and has been carefully tailored to satisfy the criteria articulated for approval by Second Circuit courts. The Agreement does not contain any confidentiality or release of claims unrelated to the wage-and-hour claims asserted in this matter.

**5. The possibility of fraud of collusion:**

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation, and have continuously negotiated at arms' length, including participation in a settlement conference with the Court on February 14, 2019. There is no possibility of fraud or collusion in this settlement.

**Attorneys' Fees**

The parties agreed to settle this matter for a global settlement of $100,000.00.

Plaintiff's counsel respectfully requests $797.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00) and the costs of serving the Defendants through their process server, Anke Judicial Services ($390.00), the costs and postage fees ($7.00).

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($99,203.00), or approximately $33,067.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $33,864.00.

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims

are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with their clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for her continued consideration on this matter.

Respectfully submitted,

_/s/_____
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
(T): 718-263-9591